68

■

**STATE of Rhode Island**

v.

**Dominic DEGRE.**

**No. 95–372–C.A.**

Supreme Court of Rhode Island.

March 20, 1996.

Andrew Berg, Aaron Weisman, Providence.

Janice Weisfeld, Paula Rosin, Providence.

**ORDER**

This matter came before this Supreme Court on March 4, 1996, pursuant to an order directing the defendant to appear and show cause why the issues raised by this appeal should not be summarily decided. In this case, the defendant appeals from a trial justice's denial of his motion to dismiss his indictment. After hearing oral arguments and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and the issues should be summarily decided.

On February 22, 1995, after a jury trial in the Superior Court, the defendant was convicted on two counts of first degree child molestation. The trial justice granted his motion for new trial on the following day. On April 11, 1995, the defendant filed a motion to dismiss based upon double jeopardy grounds. He alleges therein that the language used by the trial justice in his decision granting the motion for new trial clearly indicated that the state's evidence was patently insufficient to support any further criminal proceedings on his indictment. The defendant's motion was heard and denied by another justice of the Superior Court on May 9, 1995. This appeal followed.

We are of the opinion that the trial justice, in this case said nothing that would permit the defendant's conclusion that he was directing that no further criminal proceedings on the indictment be undertaken on the basis of double jeopardy considerations. That is not the function of a trial justice when passing upon a defendant's motion for new trial after conviction by a jury. The experienced trial justice in this case was keenly aware of the standard of review applicable on a new trial motion. A review of his decision reveals that he conscientiously adhered to that standard. His strong language should not be misconstrued as has been done by the defendant in this case. At no point did he find the evidence legally insufficient. *See Tibbs v. Florida*, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). There are no double jeopardy considerations prohibiting the defendant's new trial on the pending indictment. The defendant should not overlook the fact that it was he who made the motion requesting the new and second trial on his indictment. He should not now attempt to take advantage of the trial justice's beneficence. Accordingly, his motion to dismiss the indictment on double jeopardy grounds was properly denied.

This case is now remanded to the Superior Court for further proceedings.